IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRAY L. PELLOT<br>Plaintiff<br>vs<br>JOHN POTTER, POSTMASTER GENERAL<br>UNITED STATES POSTAL SERVICE<br>Defendant | CIVIL 06-1676CCC |

## OPINION AND ORDER

The action before us, filed pursuant to the Rehabilitation Act of 1973 29 U.S.C.§701, et. seq., and Title VII of the Civil Rights Act, 42 U.S.C.§2000e, et. seq., is before us on defendant's Motion to Dismiss Complaint filed May 29, 2007 (**docket entry 8**). Plaintiff Fray. L. Pellot opposed the motion on July 11, 2007 (**docket entry 11**), and defendant replied (**docket entry 18**). Plaintiff, who has a congenital club foot, is a black, bisexual individual born in Puerto Rico. He alleges that he has suffered discrimination based on his physical disability, race and sexual orientation. He also alleges that his "protected liberty interest pursuant to the Due Process Clause of the Fifth Amendment . . ." has also been violated. Complaint ¶27.

Defendant raises the following arguments in his motion to dismiss:

1. Plaintiff has failed to present a prima face case of disparate treatment based upon either race or sex.

2. Plaintiff has failed to present a prima facie case of hostile environment based upon either race or sex.

3. Plaintiff has failed to exhaust his administrative remedies regarding his claim of discrimination based upon sex.

CIVIL 06-1676CCC						2

    4. Plaintiff cannot set forth a claim for disability discrimination because he does not qualify as disabled under the Rehabilitation Act and has not set forth a case of hostile work environment based on his disability.

    5. Defendant had legitimate, non-discriminatory reasons for its actions.

    By way of an opposition, plaintiff has filed a 15-page response accompanied by 20 exhibits.  On the matter of exhaustion of administrative remedies, Pellot's initial Equal Employment Opportunity Commission complaint filed December 7, 2005 and amended on February 10, 2006 includes claims based on his claim of discrimination due to his disability and race/color and retaliation based on prior EEO activity.  The Commission's final decision and notification of plaintiff's right to sue are contained in a document dated May 19, 2006. Therefore, this complaint filed on July 5, 2006 was timely filed as to the claims raised in that administrative charge.

    Plaintiff sought EEOC counseling again in 2006, for discrimination based on his sexual orientation.  He never filed a formal charge, however, because the counselor informed him that sexual orientation was not a protected factor.  Accordingly, the claim raised in this complaint based on Pellot's sexual orientation fails, pursuant to Fed.R.Civ.P. 12(b)(6).

    Defendant argues that plaintiff has failed to allege a prima facie case of disparate treatment based upon race or sex, or of hostile environment.  The prima facie case under <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973), however, is an evidentiary standard, not a pleading standard.  <u>Swierkiewicz v. Sorema N.A.</u>, 122 S.Ct. 992, 997 (2002). This court has never indicated that the requirements for establishing a prima facie case under <u>McDonnell Douglas</u> also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.  <u>Id</u>.

> Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.  Given that the prima facie case operates as a flexible evidentiary standard,

CIVIL 06-1676CCC                             3

it should not be transposed into a rigid pleading standard for discriminations. Id., at pp. 997-98.

With regard to the Rehabilitation Act, defendant avers that plaintiff has not stated a claim under this statute. Defendant argues, at page 10 of the dismissal motion, that "[t]o succeed on this claim, a plaintiff must demonstrate" all the elements of such a claim. The pleading requirements established under Fed.R.Civ.P. 8(a), however, are minimal:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Scheuer v. Rhodes, 416 U.S. 232, 236; 94 S.Ct. 1683 (1974).

Beyond the one claim based on Pellot's sexual orientation, the remainder of the motion to dismiss addresses material facts in dispute and matters subject to credibility determinations, issues not suitable for summary disposition by way of a motion to dismiss for failure to state a claim.

For the above-stated reasons, the Motion to Dismiss (**docket entry 8**) is GRANTED in part and DENIED in part. It is GRANTED as to the claims based on plaintiff's sexual orientation and DENIED as to all other claims.

SO ORDERED.

At San Juan, Puerto Rico, on September 17, 2007.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge